# EXHIBIT "A"

Filing # 84311643 E-Filed 02/01/2019 04:16:13 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

STAY FRESH VAPE CO., INC.,
a Florida corporation,

CASE NO. 2019-ca-001375-o

    Plaintiff,

vs.

VAPE STORM LABS LLC d/b/a
Known Distro,
an Idaho limited liability company,

    Defendant.
_____/

## SUMMONS

THE STATE OF IDAHO
To Each Sheriff of the State

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint with Exhibits on:

VAPE STORM LABS, LLC d/b/a<br>
Known Distro<br>
5118 North Sawyer Avenue<br>
Boise, ID 83714

    You are hereby summoned and required to serve written defenses to the Complaint upon Adam M. Bird, Esq. of the firm, GRAYROBINSON, P.A., Plaintiff's attorneys, whose address is 1795 West Nasa Boulevard, Melbourne, Florida 32901 within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a judgment by default will be entered against you for the relief demanded in the Complaint.

    WITNESS my hand and the seal of this Court on this __4__ day of __February__, 2019.

**Tiffany Moore Russell**
Clerk of the Court

By: s/ Clara Loose, Deputy Clerk
2019.02.04 10:17:03 -05'00'
_____
As Deputy Clerk
Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801



## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar le demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si used desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respeuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du om des parties nommees ici, si vous souhaitz que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dands le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sands aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Court Administrator not later than five days prior to the proceeding at 2825 Judge Fran Jamieson Way, Viera, FL 32940. Telephone (407) 633-2171; 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service.

2

Filing # 84311643 E-Filed 02/01/2019 04:16:13 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

STAY FRESH VAPE CO., INC.,
a Florida corporation,

      Plaintiff,

CASE NO. 2019-CA-001375-O

vs.

VAPE STORM LABS LLC d/b/a
Known Distro,
an Idaho limited liability company,

      Defendant.
_____/

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, STAY FRESH VAPE CO., INC. ("Stay Fresh"), through undersigned counsel, hereby sues Defendant, VAPE STORM LABS LLC d/b/a Known Distro ("VSL"), for damages together with both temporary and permanent injunctive relief, and alleges:

### GENERAL ALLEGATIONS

1. At all times material to this action, Stay Fresh was a corporation organized and existing under the laws of the State of Florida with its principal place of business in Orange County, Florida.

2. At all times material to this action, VSL was a limited liability company organized and existing under the laws of the State of Idaho with its principal place of business in Ada County, Idaho.

3. VSL is subject to long-arm jurisdiction of the Courts of the State of Florida under section 48.193, Florida Statutes, as it:

    (a) operated, conducted, engaged in and carried on a business in the State of Florida, namely marketing and selling to the citizens of the State of

Florida its products and the products of third parties related to vaping and vaping supplies;

(b) committed a tortious act within the State of Florida by committing a fraud on Stay Fresh, a Florida corporation with its principal place of business in Orange County, Florida, by making false statements and misrepresentations to Stay Fresh in Orange County, Florida via electronic and telephonic means and by failing to pay Stay Fresh all sums due it in Orange County, Florida;

(c) causing an injury to Stay Fresh within the State of Florida (i) while engaged in solicitation (i.e. sales) and service activities (i.e. production and manufacture of Stay Fresh's products) within the State of Florida; and (ii) while products, materials and things processed and/or serviced by Stay Fresh were used and/or consumed within the State of Florida in the ordinary course of trade, commerce and use thereof; and

(d) breaching an agreement within the State of Florida by failing to perform obligations (i.e. timely fulfillment of Stay Fresh's orders and making full, accurate and timely reporting and payment to Stay Fresh pursuant to the parties' contract) required by the contract to be performed in the State of Florida.

4. VSL also has sufficient, and not isolated or immaterial, "minimum contacts" with the State of Florida as it not only agreed to provide and did provide manufacturing and other services to Stay Fresh located in Orange County, Florida, it also entered into an agreement with Stay Fresh and agreed to make payment to Stay Fresh thereunder in the State of Florida and regularly communicated electronically and via telephone with Stay Fresh's officers and directors concerning its services in the State of Florida.

5. Venue is also proper in Orange County, Florida for the reasons set forth in paragraphs 3 and 4, above.

6. All conditions precedent to the bringing of this action have been met or have been waived by VSL.

## BACKGROUND FACTS

7. Stay Fresh is in the business of selling "vape juice" or "e-juice," the liquid heated by e-cigarettes and other vaping implements to form vapor. Vape juice itself comes in a multitude of flavors and strengths, and it is the various flavors and strengths that differentiate the many varieties and manufacturers of vape juice on the market.

8. Vape juice is created using formulas for specific ingredients that must be combined to make specific flavors and strengths. The formulas owned and developed by Stay Fresh were the result of substantial research and economic investment for Stay Fresh and represent its most proprietary and confidential information.

9. Stay Fresh's economic success is based on its vape juice products which are, in turn, based entirely on the confidential formulas that are Stay Fresh's trade secrets.

10. In February of 2016, Stay Fresh and VSL entered into an express, written agreement entitled a "Production and Sales Agreement" (the "Agreement") through which VSL agreed to manufacture, supply and ship proprietary products of Stay Fresh in exchange for retaining a portion of sales revenues related thereto.

11. Stay Fresh and VSL both performed under the Agreement and pursuant to the terms thereof until on or about July 9, 2017, at which time Stay Fresh provided its written notice of termination of the Agreement and, as a result, the Agreement was terminated.

12. Thereafter, Stay Fresh and VSL entered into an oral agreement (the "Oral Agreement") through which VSL would be permitted by Stay Fresh to continue manufacturing and producing bottles of Stay Fresh's confidential and proprietary vape juice for VSL's own sales in exchange for VSL paying Stay Fresh $3.30 per bottle sold and providing Stay Fresh with a report of bottles sold every two (2) weeks.

13. Additionally, as part of its Oral Agreement with Stay Fresh, VSL agreed that upon notice by Stay Fresh of a need to manufacture and ship an order of Stay Fresh's products to third parties, VSL would manufacture and ship Stay Fresh's product to such third parties and make such order a priority among VSL's then-standing orders.

14. On or about December 15, 2017, Stay Fresh notified VSL that it needed a large order of its product manufactured and shipped to a customer as soon as possible, and VSL accepted the order and told Stay Fresh's representatives that VSL was working to fill it.

15. VSL took an exceptionally long time to fill the December 15, 2017 order, which caused friction between Stay Fresh and its customer and ultimately harmed Stay Fresh's professional reputation.

16. Out of necessity, Stay Fresh placed two (2) more very small orders with VSL in February and March of 2018, respectively, but informed VSL after the March order was eventually fulfilled by VSL that Stay Fresh would not be ordering the manufacturing of any additional bottles or other products by VSL, essentially terminating the manufacturing relationship.

17. In February of 2018, one of VSL's principals approached Stay Fresh to inquire about: (a) Stay Fresh placing a large order for the manufacture of its products by VSL as a result of the upcoming Chinese New Year, and (b) VSL pre-ordering a large quantity of Stay Fresh's boxes and labels in the event Stay Fresh did place a large order with VSL.

18. Stay Fresh's principal indicated that he was not confident in VSL's manufacturing ability and, therefore, that it would be very unlikely Stay Fresh would place any kind of order related to Chinese New Year with VSL, but VSL was welcome to order and pay for as many boxes and labels from Stay Fresh as it liked.

19. Stay Fresh did not agree to place an order of any kind with VSL in relation to Chinese New Year, but despite this fact, VSL ordered a large number of Stay Fresh's boxes and labels from Stay Fresh.

20. Additionally, although Stay Fresh terminated its manufacturing relationship with VSL, Stay Fresh did permit VSL to continue to: (a) manufacture Stay Fresh's products for VSL's own sales pursuant to the terms of the Oral Agreement, including payment of $3.30 to Stay Fresh per bottle sold, and (b) order Stay Fresh's products wholesale and to pay regular wholesale prices for the same for VSL's re-sale.

21. Stay Fresh complied with all of its obligations under the Oral Agreement.

22. Stay Fresh has retained undersigned counsel and the law firm GrayRobinson, P.A. to represent it in this matter and is obligated to pay them reasonable attorneys' fees.

23. Stay Fresh is entitled to recover its attorneys' fees and costs incurred in relation to this action from VSL should it prevail pursuant to Florida law.

## COUNT I – BREACH OF AGREEMENT

24. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00) exclusive of attorneys' fees, costs and interest.

25. Stay Fresh re-alleges and incorporates paragraphs 1 through 23, above, as if fully set forth herein.

26. VSL breached the Oral Agreement by manufacturing and selling Stay Fresh's proprietary and confidential products, which represent trade secrets of Stay Fresh, without paying Stay Fresh $3.30 per bottle for the same.

27. Additionally, VSL breached the Oral Agreement by failing to provide to Stay Fresh full, accurate and timely reporting of all sales of Stay Fresh's proprietary and confidential products to enable Stay Fresh to confirm amounts due and owing from Stay Fresh.

28. As a result of the above breaches of the Oral Agreement, VSL has suffered damages, including without limitation economic damages in an amount of at least $60,000 due and owing from VSL to Stay Fresh for bottles of Stay Fresh's products manufactured and sold by VSL and reported to Stay Fresh.

WHEREFORE Plaintiff, STAY FRESH VAPE CO., INC., demands judgment in its favor and against Defendant, VAPE STORM LABS LLC d/b/a Known Distro, for damages together with costs, interest and any additional relief deemed appropriate under the circumstances.

## COUNT II – FRAUD

29. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00) exclusive of attorneys' fees, costs and interest.

30. Stay Fresh re-alleges and incorporates paragraphs 1 through 23, above, as if fully set forth herein.

31. VSL made material misrepresentations, both orally and in writing, to Stay Fresh and its principals and agents concerning VSL's performance under the Oral Agreement and VSL's manufacture and sale of Stay Fresh's products.

32. More specifically, VSL misrepresented to Stay Fresh the quantity of bottles of Stay Fresh's proprietary and confidential products that VSL manufactured and sold so as to avoid paying Stay Fresh for the true number of bottles of Stay Fresh's product sold, thereby damaging Stay Fresh for VSL's own pecuniary advantage.

33.   At the time VSL made the above misrepresentations, and at the time it failed to disclose or intentionally concealed the above facts, it had knowledge that its representations were false.

34.   VSL made the above misrepresentations and/or failed to disclose the above materials facts with the intention that Stay Fresh rely on the same, which Stay Fresh did to its detriment.

35.   Stay Fresh justifiably relied on the material misrepresentations and failure to disclose by VSL as set forth above and, as a result, it suffered damages, including without limitation actual economic damages.

36.   As a result of VSL's fraud, it is necessary for Stay Fresh to bring this action to seek redress for its damages. Accordingly, Stay Fresh is entitled to recover its attorneys' fees in this action from VSL as "special damages," separate and apart from other damages suffered by Stay Fresh under the Oral Agreement.

37.   Stay Fresh expressly reserves the right to seek to amend this cause of action to seek punitive damages against VSL for its fraudulent conduct.

38.   Additionally, since it is impossible for Stay Fresh to know the full extent of its damages based upon misrepresentations made by VSL about information solely within the knowledge of VSL, and namely, the quantity of Stay Fresh's products manufactured and/or sold by VSL, Stay Fresh has no adequate remedy at law.

39.   Stay Fresh is entitled to and demands an accounting from VSL to include, without limitation, the number of bottles of Stay Fresh products manufactured by VSL, the number of bottles of Stay Fresh products sold by VSL, revenue generated by such sales and payments made to Stay Fresh by VSL for the manufacture and/or sale of its products.

WHEREFORE Plaintiff, STAY FRESH VAPE CO., INC., demands judgment in its favor and against Defendant, VAPE STORM LABS LLC d/b/a Known Distro, for an accounting and damages together with attorneys' fees, costs, interest and any additional relief deemed appropriate under the circumstances.

### COUNT III – GOODS SOLD

40. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00) exclusive of attorneys' fees, costs and interest, and it is pled in the alternative to Count I, above.

41. Stay Fresh re-alleges and incorporates paragraphs 1 through 21, above, as if fully set forth herein.

42. VSL owes Stay Fresh Fifty Two Thousand Seven Hundred Thirty Dollars ($52,730.00) that is due with interest since September 29, 2018 for the goods sold and delivered by Stay Fresh to VSL between August 29 and October 10, 2018 and reflected on the statements attached hereto as Exhibit "A."

43. Although the statements attached hereto as Exhibit "A" bear the name "SS Vape Brands, Inc." rather than Stay Fresh's name, they were sent on behalf of Stay Fresh and represent products sold to VSL by Stay Fresh.

WHEREFORE Plaintiff, STAY FRESH VAPE CO., INC., demands judgment in its favor and against Defendant, VAPE STORM LABS LLC d/b/a Known Distro, for damages together with costs, interest and any additional relief deemed appropriate under the circumstances.

### COUNT IV – ACCOUNT STATED

44. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00) exclusive of attorneys' fees, costs and interest, and it is pled in the alternative to Counts I and III, above.

45. Stay Fresh re-alleges and incorporates paragraphs 1 through 21 and 43, above, as if fully set forth herein.

46. Before the institution of this action, Stay Fresh and VSL had business transactions between them and on or about October 10, 2018, they agreed to the resulting balance.

47. Stay Fresh rendered statements of it to VSL, copies of which are attached hereto as Exhibit "A," and VSL did not object to the statements.

48. VSL owes Stay Fresh Fifty Two Thousand Seven Hundred Thirty Dollars ($52,730.00) that is due with interest since September 29, 2018, on the account.

WHEREFORE Plaintiff, STAY FRESH VAPE CO., INC., demands judgment in its favor and against Defendant, VAPE STORM LABS LLC d/b/a Known Distro, for damages together with costs, interest and any additional relief deemed appropriate under the circumstances.

### COUNT V - PRELIMINARY/TEMPORARY AND PERMANENT INJUNCTIVE RELIEF
#### (Breach of Agreement/Fraud)

49. This is an action for both preliminary/temporary and permanent injunctive relief.

50. SS Vape re-alleges and incorporates paragraphs 1 through 23, 26 through 28 and 31 through 36 and 38, above, as if fully set forth herein.

51. Despite its breaches of the Oral Agreement and fraud perpetrated upon Stay Fresh, VSL continues to manufacture and sell Stay Fresh's proprietary products despite the fact that Stay Fresh has terminated the Oral Agreement and its relationship with VSL.

52. By continuing to manufacture and sell Stay Fresh's proprietary products for VSL's own economic benefit, VSL is causing Stay Fresh to sustain continuous damage, including without limitation damages related to VSL's manufacture and sale of Stay Fresh's products without a proper accounting and without compensating Stay Fresh for the same.

53. VSL is continuing to offer for sale and sell Stay Fresh's products without any legal justification or permission to do so and to Stay Fresh's extreme detriment unless it is enjoined from doing so.

54. Stay Fresh is not currently aware of the quantity of its products that VSL is currently manufacturing, selling and/or offering for sale or all of the modes and delivery systems Stay Fresh is or may be using in relation to the same, and it is impossible to tell the full extent of Stay Fresh's damages until VSL's violative behavior is curtailed and a full accounting can be conducted.

55. If VSL is permitted to continue to manufacture and/or sell Stay Fresh's own products without the right to do so and without fully compensating Stay Fresh for the same, Stay Fresh will suffer irreparable harm.

56. Because of the nature of the ongoing damages being inflicted upon Stay Fresh by VSL, and because it is impossible for Stay Fresh to determine the extent of the damages caused by VSL because VSL has complete control over all of the information and documentation related thereto, Stay Fresh has no adequate remedy at law as the true extent of its damages will be impossible to quantify.

57. Stay Fresh is substantially likely to be successful on the merits of this action given VSL's breach of the Oral Agreement and Stay Fresh's clear legal rights related to its confidential, proprietary information and trade secrets.

58. VSL cannot be permitted to continue to use Stay Fresh's products to earn money at Stay Fresh's expense such that injunctive relief, both preliminary and permanent, serves the public interest.

WHEREFORE Plaintiff, STAY FRESH VAPE CO., INC., demands judgment in its favor and against Defendant, VAPE STORM LABS LLC d/b/a Known Distro, that (a) enters both preliminary and permanent injunctions against VSL, (b) enjoins VSL, both for itself and any affiliated person or entity, from manufacturing or selling Stay Fresh's products in any fashion, and (c) awards Stay Fresh its attorneys' fees, costs, interest and any additional relief deemed appropriate under the circumstances.

### VERIFICATION

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this complaint and that the punishment for knowingly making a false statement include fines and/or imprisonment.

_____
SONNY R. WESTMORELAND, JR.,
as President of Stay Fresh Vape Co., Inc., Plaintiff

THE FOREGOING instrument was sworn to, subscribed and acknowledged before me on this 23 day of January, 2019, in Orange County, Florida, by Sonny R. Westmoreland, Jr. who [X] is personally known to me or who [ ] produced FL DL# W235796850650 as identification, and who did take an oath and swears that the foregoing is true and correct to the best of his knowledge and belief.

My commission expires:

10·14·19

Notary Public Signature

Fatimah N. Shabazz
Print Notary Public Name



FATIMAH N SHABAZZ
MY COMMISSION # FF927620
EXPIRES October 14, 2019
(407) 398-0153   FloridaNotaryService.com

11

DATED this 1st day of February, 2019.

                                              **GRAYROBINSON, P.A.**
                                              Attorneys for Plaintiff,
                                              Stay Fresh Vape Co., Inc.

                                              /s/ Adam M. Bird
                                              ADAM M. BIRD, ESQ.
                                              Florida Bar No. 0055432
                                              1795 W. NASA Blvd.
                                              Melbourne, FL 32901
                                              Tel.: (321) 727-8100
                                              Fax: (321) 984-4122
                                              Primary email: adam.bird@gray-robinson.com
                                              Secondary email: jodi.aliano@gray-robinson.com

— SS VAPE BRANDS —    

SS Vape Brands
7350 Futures Drive Suite 2
FL 32819

# Invoice

| Date | Invoice # |
|---|---|
| 8/29/2018 | 220131 |

| Bill To |
|---|
| Known Distro<br>Stephanie Page<br>5118 North Sawyer Ave<br>Boise, ID 83714 |

| Ship To |
|---|
| Known Distro<br>Stephanie Page<br>5118 North Sawyer Ave<br>Boise, ID 83714 |

| P.O. No. | Due Date | Rep |
|---|---|---|
| 1729 | 8/29/2018 | |

| Description | Qty | Rate | Amount |
|---|---|---|---|
| Jam Monster Blackberry 100mL 3mg | 441 | 6.00 | 2,646.00 |
| Ice Monster StrawMelon Apple 100mL 0mg | 202 | 6.00 | 1,212.00 |
| Ice Monster StrawMelon Apple 100mL 3mg | 561 | 6.00 | 3,366.00 |
| Ice Monster StrawMelon Apple 100mL 6mg | 414 | 6.00 | 2,484.00 |
| Jam Monster Raspberry 100mL 0mg | 202 | 6.00 | 1,212.00 |
| Jam Monster Raspberry 100mL 3mg | 474 | 6.00 | 2,844.00 |
| Jam Monster Raspberry 100mL 6mg | 327 | 6.00 | 1,962.00 |
| Ice Monster Mangerine Guava 30mL 24mg | 170 | 6.00 | 1,020.00 |
| Ice Monster Mangerine Guava 30mL 48mg | 150 | 6.00 | 900.00 |
| The Custard Shoppe Butterscotch 30mL 48mg | 20 | 6.00 | 120.00 |
| Jam Monster Blueberry 30mL 24mg | 100 | 6.00 | 600.00 |
| Jam Monster Blueberry 30mL 48mg | 80 | 6.00 | 480.00 |
| Jam Monster Strawberry 30mL 24mg | 100 | 6.00 | 600.00 |
| Jam Monster Strawberry 30mL 48mg | 80 | 6.00 | 480.00 |
| Method: fedex ground Tracking: 782567668381 | | 0.00 | 0.00 |

| | Total | $19,926.00 |
|---|---|---|

Thank you for your business. Please see below for payment instructions.
Bank Transfer:
SS VAPE BRANDS, INC.
7350 Futures Drive STE 2, Orlando, FL 32819
Institution: Chase Bank Routing Number: 267084131    Account Number: 239510057 Swift Code: CHASUS33
Chase QuickPay Email: freshjuiceco1@gmail.com



EXHIBIT A

— SS VAPE BRANDS —

   

SS Vape Brands
7350 Futures Drive Suite 2
FL 32819

# Invoice

| Date | Invoice # |
|---|---|
| 9/18/2018 | 220219 |

**Bill To**
Known Distro
Stephanie Page
5118 North Sawyer Ave
Boise, ID 83714

**Ship To**
Known Distro
Stephanie Page
5118 North Sawyer Ave
Boise, ID 83714

| P.O. No. | Due Date | Rep |
|---|---|---|
| 1752 | 9/18/2018 | |

| Description | Qty | Rate | Amount |
|---|---|---|---|
| Ice Monster StrawMelon Apple 100mL 0mg | 147 | 6.00 | 882.00 |
| Ice Monster StrawMelon Apple 100mL 3mg | 294 | 6.00 | 1,764.00 |
| Ice Monster StrawMelon Apple 100mL 6mg | 147 | 6.00 | 882.00 |
| Jam Monster Raspberry 100mL 0mg | 294 | 6.00 | 1,764.00 |
| Jam Monster Raspberry 100mL 3mg | 1,029 | 6.00 | 6,174.00 |
| Jam Monster Raspberry 100mL 6mg | 735 | 6.00 | 4,410.00 |
| Ice Monster Mangerine Guava 30mL 24mg | 121 | 6.00 | 726.00 |
| Ice Monster Mangerine Guava 30mL 48mg | 242 | 6.00 | 1,452.00 |
| Jam Monster Blueberry 30mL 24mg | 242 | 6.00 | 1,452.00 |
| Jam Monster Blueberry 30mL 48mg | 484 | 6.00 | 2,904.00 |
| Jam Monster Strawberry 30mL 24mg | 242 | 6.00 | 1,452.00 |
| Jam Monster Strawberry 30mL 48mg | 484 | 6.00 | 2,904.00 |
| The Custard Shoppe Butterscotch 30mL 24mg | 72 | 6.00 | 432.00 |
| The Custard Shoppe Butterscotch 30mL 48mg | 170 | 6.00 | 1,020.00 |
| Method: fedex 3 day freight Tracking: 782917098627 | | 0.00 | 0.00 |

**Total** $28,218.00

Thank you for your business. Please see below for payment instructions.
Bank Transfer:
SS VAPE BRANDS, INC.
7350 Futures Drive STE 2, Orlando, FL 32819
Institution: Chase Bank Routing Number: 267084131       Account Number: 239510057 Swift Code: CHASUS33
Chase QuickPay Email: freshjuiceco1@gmail.com

    

**— SS VAPE BRANDS —**

SS Vape Brands
7350 Futures Drive Suite 2
FL 32819

# Invoice

| Date | Invoice # |
|---|---|
| 9/24/2018 | 220232 |

**Bill To**
Known Distro
Stephanie Page
5118 North Sawyer Ave
Boise, ID 83714

**Ship To**
Known Distro
Stephanie Page
5118 North Sawyer Ave
Boise, ID 83714

| P.O. No. | Due Date | Rep |
|---|---|---|
| 1761 | 9/24/2018 | |

| Description | Qty | Rate | Amount |
|---|---|---|---|
| Jam Monster Blackberry 100mL 3mg | 588 | 6.00 | 3,528.00 |
| Method: fedex ground Tracking: 782938375600 | | 0.00 | 0.00 |

**Total** $3,528.00

Thank you for your business. Please see below for payment instructions.
Bank Transfer:
SS VAPE BRANDS, INC.
7350 Futures Drive STE 2, Orlando, FL 32819
Institution: Chase Bank Routing Number: 267084131      Account Number: 239510057 Swift Code: CHASUS33
Chase QuickPay Email: freshjuiceco1@gmail.com

# — SS VAPE BRANDS —

   

SS Vape Brands
7350 Futures Drive Suite 2
FL 32819

# Invoice

| Date | Invoice # |
|---|---|
| 10/1/2018 | 220269 |

**Bill To**

Known Distro
Stephanie Page
5118 North Sawyer Ave
Boise, ID 83714

**Ship To**

| P.O. No. | Due Date | Rep |
|---|---|---|
| 1765 | 10/1/2018 | |

| Description | Qty | Rate | Amount |
|---|---|---|---|
| Ice Monster Mangerine Guava 100mL 3mg<br>NON-COMPLIANT BOTTLES FROM KNOWNS STOCK | 32 | 5.50 | 176.00 |
| | | **Total** | **$176.00** |

Thank you for your business. Please see below for payment instructions.
**Bank Transfer:**
SS VAPE BRANDS, INC.
7350 Futures Drive STE 2, Orlando, FL 32819
Institution: Chase Bank Routing Number: 267084131    Account Number: 239510057 Swift Code: CHASUS33
Chase QuickPay Email: freshjuiceco1@gmail.com

# — SS VAPE BRANDS —

   

SS Vape Brands
7350 Futures Drive Suite 2
FL 32819

# Invoice

| Date | Invoice # |
|---|---|
| 10/10/2018 | 220309 |

**Bill To**
Known Distro
Stephanie Page
5118 North Sawyer Ave
Boise, ID 83714

**Ship To**
Known Distro
Stephanie Page
5118 North Sawyer Ave
Boise, ID 83714

| P.O. No. | Due Date | Rep |
|---|---|---|
| 1766 | 10/10/2018 | |

| Description | Qty | Rate | Amount |
|---|---|---|---|
| Ice Monster Mangerine Guava 100mL 3mg | 147 | 6.00 | 882.00 |
| Method: fedex ground Tracking: 783180749521 | | 0.00 | 0.00 |

**Total**  $882.00

Thank you for your business. Please see below for payment instructions.
**Bank Transfer:**
SS VAPE BRANDS, INC.
7350 Futures Drive STE 2, Orlando, FL 32819
Institution: Chase Bank Routing Number: 267084131    Account Number: 239510057 Swift Code: CHASUS33
Chase QuickPay Email: freshjuiceco1@gmail.com